FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

10/21/20

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:20-cr-65(S1)-J-32PDB

TRAVIS RYAN PRITCHARD

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of Florida,

and the defendant, Travis Ryan Pritchard, and the attorney for the defendant,

Bryan E. DeMaggio, mutually agree as follows

A.   Particularized Terms

    1.   Counts Pleading To

       The defendant shall enter a plea of guilty to Counts Three and Five

of the Superseding Indictment. Count Three charges the defendant with

production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

Count Five charges the defendant with possession of child pornography

depicting a prepubescent minor who had not attained 12 years of age, in

violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Defendant's Initials _TMP_                          AF Approval _BD_


2.   Minimum and Maximum Penalties

Count Three is punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of not more than $250,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5, and up to life, and a special assessment of $100.

Count Five is punishable by a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5, and up to life, and a special assessment of $100.

Pursuant to 18 U.S.C. § 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life on each of Counts Three and Five.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years as to Count Three and up to 2 years as to Count Five.

Defendant's Initials _TW_                    2

With respect to this offense and pursuant to 18 U.S.C. §§ 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.  Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $50,000 on any defendant convicted of a child pornography production offense, as in Count Three, and a special assessment of up to $17,000 on any defendant convicted of an offense under 18 U.S.C. § 2252(a)(4), as in Count Five.

In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _TMP_                3

The cumulative maximum penalty for both counts is a mandatory minimum term of imprisonment of not less than 15 years and not more than 50 years' imprisonment, a fine of not more than $500,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5, and up to life, and a mandatory special assessment of $200. A violation of the terms and conditions of supervised release carries a sentence of a term of imprisonment of not less than 10 years and up to two life terms if the defendant commits any felony offense set forth in 18 U.S.C. § 3583(k). Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years. The cumulative special assessment pursuant to 18 U.S.C. § 2259A is $67,000.

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Three of the Superseding Indictment are:

First:    That an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:    The defendant employed, used, enticed, and coerced at least one minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Defendant's Initials _*TW*_        4

Third:        The Defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

The elements of Count Five of the Superseding Indictment are:

First:        That the defendant knowingly possess a matter that contained a visual depiction;

Second:    That such visual depiction was produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means;

Third:        That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Fourth:     That such visual depiction was of a minor engaged in sexually explicit conduct; and

Fifth:       That the defendant knew that the depiction involved a prepubescent minor who had not attained 12 years of age.

4.     Count Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One, Two and Four of the Superseding Indictment, and the original Indictment, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _____*TM*_____      5

5.    Restitution to Any Minor Victims of Offenses
      Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to the counts charged. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

6.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the

Defendant's Initials _TW_                    6

defendant's employment; and, if the defendant is a student, the location of the defendant's school.   Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

> 7.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials _TWP_                7

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

    8.   <u>Forfeiture of Assets</u>

      The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.  The defendant specifically agrees and consents to the administrative forfeiture of a Samsung Galaxy S9+ cellular telephone, seized from the defendant by Immigration, Customs & Border Protection on June 15, 2020.

Defendant's Initials _____         8

If the administrative forfeiture proceeding is not completed prior to sentencing, the defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial forfeiture action.

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.  Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

B.      Standard Terms and Conditions

1.      Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that

compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises

Defendant's Initials _TW_       11

that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement,

Defendant's Initials _____          12

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence

Defendant's Initials _____       13

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _____          14

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if

Defendant's Initials _____          15

defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials ___*TWP*___          16

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _9th_ day of _October_, 2020.


                                        MARIA CHAPA LOPEZ
                                        United States Attorney


_____           _____
TRAVIS RYAN PRITCHARD                   KELLY S. KARASE
Defendant                               Assistant United States Attorney


_____           _____
BRYAN E. DEMAGGIO                       FRANK TALBOT
Attorney for Defendant                  Assistant United States Attorney
                                        Chief, Jacksonville Division


Defendant's Initials _TP_            17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:20-cr-65(S1)-J-32PDB

TRAVIS RYAN PRITCHARD

## **PERSONALIZATION OF ELEMENTS**

COUNT THREE

1.      Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.      On or about April 10, 2020, in the Middle District of Florida, and elsewhere, did you employ, use, entice, and coerce at least one minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

3.      Do you admit that you knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and that the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, that is a Samsung Galaxy S9+ wireless telephone that was manufactured in Vietnam?

COUNT FIVE

1.      On or about May 2, 2020, in Clay County, in the Middle District of Florida, did you knowingly possess a matter, that is a Samsung Galaxy S9+ wireless telephone that contained visual depictions?

2.      Do you admit that such visual depictions were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, that is via a Samsung Galaxy S9+ wireless telephone that was made in Vietnam?

3.      Do you admit that the production of such visual depictions involved the use of at least one minor child who had not attained 12 years of age engaging in sexually explicit conduct?

4.      Do you admit that these visual depictions were of at least of one minor who had not attained 12 years of age engaging in sexually explicit conduct?

5.      Do you admit that you knew that at least one of the performers in the visual depictions was a minor who had not attained 12 years of age and that you knew that the visual depictions were of such minors engaged in sexually explicit conduct?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:20-cr-65(S1)-J-32PDB

TRAVIS RYAN PRITCHARD

## **FACTUAL BASIS**

On April 29, 2020, Green Cove Springs Police Department responded to an address in Green Cove Springs, Florida, in reference to a complaint that TRAVIS RYAN PRITCHARD, a Clay County Sheriff's Office Patrol Officer at the time, was allegedly having sexual relations with a 15-year-old juvenile, herein referred to as Minor Victim 1 (MV1).

Detectives interviewed MV1, who reported that she met PRITCHARD in August 2019 at a convenience store in Green Cove Springs, Florida, which is in close proximity to MV1's school. MV1 advised that at some point, she and PRITCHARD exchanged contact information via a popular online chat application, herein referred to as "The Chat Application." MV1 advised PRITCHARD told her they could be like "family friends" and he would help her with her homework when she needed it. MV1 advised that she and PRITCHARD began communicating through The Chat Application and, in December 2019, PRITCHARD asked MV1 to send him nude pictures of

*TWP*          20

herself. MV1 advised that she did not feel comfortable at first but, after some time, she sent him a picture of her bare chest via The Chat Application. MV1 advised she sent PRITCHARD similar photos over a dozen times.

MV1 also advised PRITCHARD sent her nude photos of his erect penis on approximately ten occasions and also sent her one picture of his bare buttocks. MV1 advised she told PRITCHARD she was 15 years of age prior to them having sexual intercourse. MV1 advised PRITCHARD told her she could never tell anyone about him because he could lose his family, his job and get in trouble with the military. PRITCHARD told MV1 that they could never be in a relationship and for her to never tell him that she loved him because of her age. MV1 advised that, during December 2019, PRITCHARD came over to her residence in Green Cove Springs after all the adults at MV1's residence were asleep and entered her bedroom through the window. MV1 advised she and PRITCHARD spoke for a little while before having sexual intercourse. Sexual encounters between MV1 and PRITCHARD continued on a weekly basis until April 27, 2020. MV1 advised that, during this time period, PRITCHARD typically arrived at her residence between the hours of midnight and 2:00 am and would stay for approximately one hour. MV1 advised that during the weekly sexual encounters with PRITCHARD, he would always enter the home through her bedroom window. MV1 advised PRITCHARD never wore any

protection during sexual intercourse and explained to MV1 that he had had a vasectomy. MV1 advised that PRITCHARD always ejaculated inside her vagina and they always had vaginal/penile sexual intercourse. MV1 advised that PRITCHARD performed oral sex on her on multiple occasions. MV1 advised that the sexual encounters with PRITCHARD always occurred in her bedroom, on her bed. MV1 provided a video time stamped at 2:12 am on April 27, 2020, that MV1 took of PRITCHARD while PRITCHARD was in MV1's bedroom.

MV1 provided white shorts she was wearing after PRITCHARD engaged in sexual activity with her on April 27, 2020. A Crime Laboratory Analyst with the Florida Department of Law Enforcement examined the shorts and observed a mixed DNA profile in the white shorts consistent with semen. The Analyst determined that the mixed DNA profile was 700 billion times more likely to occur if the contributors to the mixed profile were PRITCHARD and MV1 than MV1 and another contributor.

A GCSPD Detective took custody of the phone MV1 used to communicate with PRITCHARD and began messaging with PRITCHARD, assuming the identity of MV1. On the evening of April 29, 2020, PRITCHARD sent an image of himself laying in a bed, which according to MV1 is a typical good morning message from PRITCHARD. The detective continued

messaging with PRITCHARD for the next two days, during which time PRITCHARD told who he believed was MV1, "But trust me when I say I miss u and really want to spend time with u." On May 1, 2020, PRITCHARD requested who he believed was MV1 to meet him somewhere "to get a quickie in." PRITCHARD indicated it "would have to be after the sun went down. And I'll look around. Most of my good hiding spots are out of walking range for u." PRITCHARD sent who he believed was MV1 a photograph of his groin area showing his gray patterned boxer brief underwear with a blue waistband.

On May 2, 2020, at approximately 1:56 am, PRITCHARD asked, who he believe was MV1, "Can u still sneak out for a lil bit?" PRITCHARD sent a message indicating he was near MV1's house at the same time GCSPD officers observed PRITCHARD in the area in his Clay County Sheriff's Office marked patrol car.

GCSPD created a diversion to call PRITCHARD in to the GCSPD station, and PRITCHARD sent who he believed to be MV1 messages that said, "I'm so fucking angry rn. Well maybe. Thos might not take long. Now they are sayng they only need my help with something. Idk. Fucking shit," and "I'm so fucking horny rn. I don't have time for this shit." PRITCHARD then proceeded to the GCSPD, where he was later arrested.

After waiving his *Miranda* rights, PRITCHARD acknowledged knowing

MV1, acknowledged being at MV1's house on "a couple of occasions" and acknowledged being in MV1's bedroom "late at night."

When PRITCHARD was arrested, he was wearing the same gray patterned boxer brief underwear with a blue waistband that he was wearing when he sent a photograph of his groin area to MV1. He had his Samsung Galaxy S9+ cellular telephone in his patrol car at the time of his arrest.

A forensic examination of PRITCHARD's Samsung Galaxy cellular telephone revealed multiple communications with MV1 using The Chat Application as well as text messages between them. The examination also yielded an encrypted digital secure folder containing multiple pornographic pictures and videos, including multiple files of visual depictions of child sexual abuse. Some of the files depicted known victims as previously identified in depictions by the National Center for Missing and Exploited Children. One such image is a color image of a prepubescent female child. The child is totally naked and laying on her back on what appears to be a bed. The child's legs are spread and in the air. An adult male's erect penis appears to be penetrating the child anally. There were also 55 file names indicative of child pornography, consisting of 54 video files and 1 image, with file titles are:

- 6Yo Boy Fucks Mom.wmv
- 2pedowoman and Boys.mp4
- 2_pthc - 11yr son eat mom to orgasm.mpeg
- (pthc) NEW 2017 Pedo Childlover 8yo Daddy's Little Girl JM 18.mp4

- 3yo Girl Held In Mom's Lap While 9yo Son And Father Fuck Her(Sound).mp4

HSI also located child sexual abuse materials depicting MV1 in photographs and videos in the encrypted digital secure folder on PRITCHARD's Samsung Galaxy telephone.

When asked about the photographs depicting MV1 recovered from PRITCHARD's Samsung cellular telephone, MV1 advised that PRITCHARD requested particular sexually explicit depictions of MV1 engaging in sexually explicit conduct, which MV1 eventually took and sent to PRITCHARD. One such image was a color image of a child in an unnatural and sexually suggestive pose. The child appears to be naked from the waist down. The child is bent over what appears to be a bed and her legs are spread. The child is using her fingers to spread open her bare vagina. The focal point of the image is the child's vagina. The child depicted is MV1 and she was 15 years old at the time the image was produced at PRITCHARD's direction on April 10, 2020. PRITCHARD had stored the image in the encrypted digital secure folder on his Samsung Galaxy S9+ that was made in Vietnam.

PRITCHARD acknowledges that there exists a sufficient nexus for purposes of forfeiture between the item(s) specified herein, if any, and the criminal conduct set forth above.